29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leopoldo CARDENAS, Plaintiff-Appellant,
v.
Robert SKILLINGS, Defendant-Appellee.
 No. 93-36095.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 20, 1994.*
Decided Aug. 1, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leopoldo Cardenas, a Washington state prisoner, appeals pro se the district court's entry of summary judgment in his 42 U.S.C. Sec. 1983 action. Cardenas contends that the court erred by concluding that defendant did not act under color of state law as required by section 1983. We reverse and remand.
 
 
 3
 Cardenas alleged in his complaint that his Eighth Amendment rights were violated when defendant, a correctional officer at the prison, stuck his thumb into Cardenas's anal area through his pants. The district court initially dismissed the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding "the use of force alleged in this incident to be de minimis." We reversed the dismissal and remanded, noting that when there is an allegation of excessive force, a court must decide "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." See Hudson v. McMillan, 112 S.Ct. 995, 996 (1992).
 
 
 4
 On remand the district court did not address the issue. Rather, the court concluded that the defendant was not acting under color of state law because "the alleged action by defendant Skillings was not related to the performance of police duty and was not a misuse of power made possible only because of defendant's authority." We disagree with that conclusion.
 
 
 5
 A person acts under color of state law when he or she exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (internal quotation omitted); Dang Vang v. Vang Xiong X. Toyed, 944 F.2d 476, 479 (9th Cir.1991) (same). "It is firmly established that a defendant in Sec. 1983 suit acts under color of state law when he abuses the position given to him by the state." West, 487 U.S. at 49-50. Here, defendant's official capacity permitted him to use reasonable force to maintain or restore discipline in the prison. See Whitley v. Albers, 475 U.S. 312, 320 (1986). An abuse of that authority is an action taken under color of state law. West, 487 U.S. at 49-50; Dang Vang, 944 F.2d at 480. Accordingly, it was improper for the district court to grant summary judgment on that ground.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3